RE: OPINION REQUEST REGARDING LEVIES FOR SCHOOL BOND SINKING FUNDS
THIS OFFICE HAS RECEIVED YOUR REQUEST FOR AN OPINION REGARDING THE LAWFULNESS OF THE STRUCTURE OF A SCHOOL BOND ISSUE SINKING FUND LEVY. BECAUSE YOUR REQUEST IS SO FACT-SPECIFIC, I HAVE TAKEN THE LIBERTY OF RESPONDING TO YOUR REQUEST BY WAY OF AN INFORMAL OPINION LETTER. THIS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
I AM ASSUMING THAT SOMEONE HAS RECOMMENDED THAT THE SCHOOL DISTRICT YOU MENTIONED MAKE ITS TAX LEVIES IN THE FASHION OUTLINED IN YOUR LETTER. ITS MY UNDERSTANDING THAT THIS TYPE OF LEVY IS COMMONLY KNOWN AS A "SPLIT-LEVY" BECAUSE THE LEVIES TO PAY THE PRINCIPAL OF THE BOND ISSUE AS IT COMES DUE ARE UNEQUAL. ITS ALSO MY UNDERSTANDING THAT THERE EXISTS A DIVISION OF OPINION IN THE BOND INDUSTRY OF WHETHER THIS IS LAWFUL.
TITLE 62 O.S. 399 (1981) IS THE GENERAL STATUTE SETTING OUT THE METHOD OF COMPUTING THE SINKING FUND LEVY FOR LOCAL BOND ISSUES. THIS STATUTE SPECIFICALLY APPLIES TO BOARDS OF EDUCATION OF SCHOOL DISTRICTS. UNDER THIS STATUTE, THE METHOD OF CALCULATING THE LEVY FOR THE SINKING FUND TO PAY THE PRINCIPAL ON THE BOND ISSUE IS QUITE CLEAR. WHERE THE BOND ISSUE MATURES IN TWENTY (20) YEARS OR LESS, THE TOTAL PRINCIPAL AMOUNT OF THE ISSUE IS DIVIDED BY THE NUMBER OF YEARS OF THE BOND ISSUE. IN THE SCENARIO YOU PROVIDED TO US IN YOUR LETTER YOU WOULD TAKE THE TOTAL AMOUNT OF THE BOND ISSUE ($1,275,000) AND DIVIDE BY THE NUMBER OF YEARS OVER WHICH THE BONDS ARE TO BE PAID (8). THE ANNUAL PRINCIPAL LEVY, ASSUMING THE APPLICABILITY OF 62 O.S. 399, WOULD BE $159,375. THE EFFECT OF THIS IS THE DISTRICT SHOULD ALWAYS HAVE MORE THAN IS NECESSARY IN THE SINKING FUND UP UNTIL THE FINAL MATURITY COMPARED TO THE PROPOSED LEVY IN YOUR LETTER.
ITS MY UNDERSTANDING THAT SOME INDIVIDUALS RELY ON 70 O.S. 15-104 TO MAKE A "SPLIT-LEVY" AS OUTLINED IN YOUR LETTER. UNDER 70 O.S. 15-104 THE DISTRICT MUST ". . . PROVIDE FOR THE COLLECTION OF AN ANNUAL TAX SUFFICIENT TO PAY THE INTEREST ON SUCH INDEBTEDNESS AS IT FALLS DUE, AND ALSO TO CONSTITUTE A SINKING FUND FOR THE PAYMENT OF THE PRINCIPAL THEREOF." SOME PEOPLE READ THIS STATUTE TO MEAN THAT A SCHOOL DISTRICT NEED ONLY LEVY JUST ENOUGH TO PAY THE PRINCIPAL AND INTEREST ON THE BONDS AS THEY COME DUE. THE PROPOSED STRUCTURE OF THE LEVY IN YOUR LETTER WOULD DO JUST THAT. INSTEAD OF THE FIRST TWO YEARS' LEVIES TOTALLING $318,750, IF 62 O.S. 399 WERE APPLICABLE, THE FIRST TWO YEARS' LEVIES WOULD ONLY BE $175,000 WHICH IS THE FIRST PRINCIPAL AMOUNT DUE.
I AM TOLD THAT THE "SPLIT LEVY" COULD BE VERY USEFUL WHERE THE SCHOOL DISTRICT IS BEGINNING TO PAY ON A NEW BOND ISSUE AS A PRIOR BOND ISSUE IS BEING PAID OFF. THE LOCAL TAXPAYERS WILL NOT HAVE A SUDDEN INCREASE IN THEIR TAXES IN THE "OVERLAP" YEARS. WHILE IT MAY MAKE SENSE FROM A TAX AND FINANCIAL POINT OF VIEW TO USE "SPLIT-LEVIES" I BELIEVE THAT THEY ARE CONTRARY TO 399.
WHEN TWO (2) STATUTES DEAL WITH THE SAME SUBJECT THEY MUST BE READ TOGETHER AND HARMONIZED IF AT ALL POSSIBLE. GRAND RIVER DAM AUTHORITY V. STATE 645 P.2D 1011, 1019 (1982). THESE TWO STATUTES ARE BOTH APPLICABLE TO SCHOOL DISTRICT BOND ISSUES AND ARE NOT INCONSISTENT WITH ONE ANOTHER. SECTION 399 REQUIRES EVEN PRINCIPAL LEVIES AND 70 O.S. 15-104 REQUIRES A LEVY TO BE ENOUGH TO PAY THE PRINCIPAL ON THE BONDS AS THEY COME DUE. PRINCIPAL INSTALLMENTS MUST ESSENTIALLY BE EQUAL UNDER 62 O.S. 353 EXCEPT THE FIRST INSTALLMENT CAN BE LESS THAN THE OTHERS AND THE LAST CAN BE UP TO TWICE AS MUCH. BECAUSE OF THIS A SCHOOL DISTRICT WILL ALWAYS BE LEVYING ENOUGH FOR PRINCIPAL BY FOLLOWING 399. THIS MEANS THAT THE DISTRICT WILL ALSO BE IN COMPLIANCE WITH 70 O.S. 15-104. SINCE THE TWO STATUTES CAN BE HARMONIZED PRINCIPAL LEVIES MUST ALWAYS BE EQUAL AND THE PROPOSED LEVY OUTLINED IN YOUR LETTER WOULD BE UNLAWFUL IN MY OPINION.
YOU MAY WANT TO CONSIDER ADDRESSING THIS SITUATION WITH NEW LEGISLATION. KNOWLEDGEABLE ATTORNEYS IN THE AREA OF FEDERAL TAX LAW ADVISE ME THAT OKLAHOMA'S METHOD OF EVEN PRINCIPAL LEVIES COULD BE A PROBLEM WITH SOME OF OUR LARGER SCHOOL BOND ISSUES. THIS IS SO BECAUSE 399 REQUIRES THE DISTRICT TO LEVY MORE THAN IT NEEDS TO PAY BONDS. OBVIOUSLY THE LOCAL DISTRICT OR COUNTY TREASURER WILL BENEFIT GREATLY BECAUSE INTEREST WILL BE EARNED ON THE SINKING FUND. IN CERTAIN INSTANCES THIS COULD BE IN VIOLATION OF THE FEDERAL REGULATIONS ON ARBITRAGE. PLEASE LET ME KNOW IF I CAN BE OF FURTHER HELP.
(THOMAS L. SPENCER)